IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NCR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| AUTOMATED TRANSACTIONS LLC and | ) | **JURY TRIAL DEMANDED** |
| TRANSACTION HOLDINGS LTD. L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff NCR Corporation, as and for its complaint against Automated Transactions LLC and Transaction Holdings LTD. L.L.C., by its attorneys, alleges as follows:

## NATURE OF THE ACTION

1.      This action seeks to end the baseless patent infringement claims asserted by Defendant Automated Transactions LLC ("ATL") against customers and users of automated teller machines ("ATMs") manufactured and sold by Plaintiff NCR Corporation ("NCR"). Defendant Transaction Holdings Ltd. L.L.C. ("THL"), on information and belief, is the owner and exclusive licensor to ATL of the patents which ATL asserts against NCR's customers.

2.      NCR was responsible for the final rejection and cancellation of the asserted claims of ATL's parent patent, U.S. Patent No. 6,945,457 (the "'457 patent"), in a reexamination proceeding instituted by NCR in the United States Patent and Trademark Office ("PTO"), which was subsequently affirmed by the Court of Appeals for the Federal Circuit.

3.      As explained below, however, ATL used the pendency of the reexamination to file multiple continuation patents based on the filing date and specification of the '457 patent, all of which are invalid and not infringed by NCR's ATMs or their use by NCR's customers.

4.      This action seeks declaratory judgment of noninfringement, invalidity, *res judicata* as to certain patents, collateral estoppel as to certain patents, obviousness-type double patenting as to certain patents, and attorneys' fees with respect to United States Patent Nos. 7,571,850; 7,591,420; 7,575,158; 7,597,248; 7,600,677; 7,699,220; 7,597,251; 7,617,973; 7,621,444; 7,793,830; 7,802,718; 7,837,101; 8,132,714; and 8,132,715 (collectively, the "Patents-in-Suit"), all of which purport to relate to so-called Automated Transaction Machines.

5.      NCR seeks this necessary relief because ATL, the purported exclusive licensee of the Patents-in-Suit, has asserted the Patents-in-Suit against multiple NCR customers by sending licensing demand letters and filing patent infringement suits.  NCR's customers have, in turn, requested NCR to defend and indemnify them from ATL's charges of infringement.

6.      ATL has sent demand letters to more than thirty NCR customers alleging that they infringe some or all of the Patents-in-Suit and demanding that they take licenses for a fee well-below the cost of litigation.  On information and belief, some of those customers have yielded to ATL's demands, but most have not.

7.      ATL has also filed multiple patent litigations alleging infringement of the Patents-in-Suit against NCR customers.  Some of those litigations are pending before this Court. *In Re: Automated Transactions LLC Patent Litigation*, MDL No. 13-md-2429 (D. Del.) (the "MDL Litigation").

8.      ATL's notice of infringing products and infringement contentions served by ATL against NCR's customers in the MDL Litigation accuse NCR's ATMs of infringement and rely overwhelmingly on NCR's ATM user manuals.

9.      ATL's allegations of infringement have thus placed a cloud over NCR and its ATM products, have injured and are injuring NCR's business and business relationships, and have created a concrete and immediate justiciable controversy between NCR and ATL.

## THE PARTIES

10.     Plaintiff NCR is a corporation organized and exiting under the laws of Maryland with its principal place of business in Duluth, Georgia.  NCR regularly transacts business in this District.

11.     On information and belief, ATL is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 160 Greentree Drive, Suite 101, Kent, Delaware 19904.

12.     On information and belief, THL is a limited liability company organized under the laws of the State of Delaware with its principal place of business at Trolley Square, Suite 26C, Wilmington, Delaware 19806.

## JURISDICTION AND VENUE

13.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

14.     This Court has personal jurisdiction over ATL because ATL is organized under the laws of the State of Delaware, has its principal place of business in this District, and has availed itself of this Court by filing multiple lawsuits in this District.

15.     This Court has personal jurisdiction over THL because THL is organized under the laws of the State of Delaware, has its principal place of business in this District, and has availed itself of this Court by filing at least one lawsuit in this District.

16.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because ATL is organized under the laws of the State of Delaware, and ATL has commenced suit in this District on the Patents-in-Suit.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because THL is organized under the laws of the State of Delaware, and THL has commenced at least one suit in this District on some of the Patents-in-Suit.  ATL and THL are hereinafter referred to together as ATL.

## BACKGROUND FACTS

17.     NCR is the leading designer, manufacturer, and seller of ATMs in the world.  NCR's ATMs and NCR's customers have been the subject of infringement allegations and litigation by ATL on the Patents-in-Suit for a number of years, since the issuance of the '457 patent in 2005, ATL's first patent in the related portfolio.

18.     Specifically, by letter dated December 8, 2005, ATL's then-counsel wrote to NCR's customer, 7-Eleven, Inc. ("7-Eleven"), "to place [7-Eleven] on notice that [NCR's] Vcom® ATM/Kiosk is covered by the claims of the '457 patent."

19.     Soon thereafter, on January 26, 2006, the owner and licensor to ATL of the '457 patent , filed suit against 7-Eleven in this Court.  *See Transaction Holdings Ltd. LLC v. IYG Holdings Co. and 7-Eleven, Inc.*, C.A. 06-43-SLR (D.I. 1) (the "Original Action").

20.     7-Eleven notified NCR of ATL's infringement allegations concerning NCR's Vcom® ATMs, and demanded defense and indemnification.  Thereafter, NCR agreed to indemnify and defend 7-Eleven against those allegations.

21.     After a series of letters and discussions between NCR and ATL that did not resolve the matter, NCR filed a Petition for Reexamination of the '457 patent with the PTO. The reexamination proceedings ended in January 2011 when the Board of Patent Appeals and

Interferences ("BPAI") affirmed a patent examiner's rejection of seven claims of the '457 patent as obvious over certain prior art. Those were the seven claims that were asserted against 7-Eleven in the Original Action. *See* Reexamination No. 90/008,323. On April 23, 2012 that determination was affirmed by the Court of Appeals for the Federal Circuit. *See In re Transaction Holdings Ltd., LLC*, 484 F. App'x 469 (Fed. Cir. 2012) (the "CAFC Decision").

22.     While the reexamination proceeding was pending, ATL filed close to thirty continuation applications to the '457 patent, a number of which issued as patents both before and after the conclusion of the reexamination proceedings.

23.     On August 28, 2009 this Court lifted a stipulated stay of the Original Action. *See Automated Transactions LLC v. IYG Holdings Co. and 7-Eleven, Inc.*, 768 F. Supp. 2d 727, 732 (D. Del. 2011) *aff'd* 484 F. App'x 469 (Fed. Cir. 2012) *cert. denied* 133 S. Ct. 955 (2013) (the "Summary Judgment Decision").

24.     After the stay was lifted in 2009, ATL filed amended pleadings adding Cardtronics USA, Inc. ("Cardtronics") as a party defendant. Cardtronics is the world's largest non-bank ATM operator, and a major customer of NCR for a variety of NCR's ATM models. *See* ATL's First Amended Complaint in 06-43-SLR (D.I. 56). ATL's amended pleadings also added the following five patents to the Original Action: 7,571,850; 7,591,420; 7,575,158; 7,597,248; and 7,600,677 patents. ATL alleged that NCR's Vcom® ATMs infringed those patents.

25.     In addition, on August 16, 2010, ATL filed a second action in this District against 7-Eleven and Cardtronics, alleging, *inter alia*, that a variety of non-Vcom® ATMs sold by NCR infringed the same patents then-alleged in the Original Action, as well as an additional continuation patent, U.S. Patent No. 7,699,220. *See* C.A. No. 10-691-SLR (D.I. 1).

26.     On March 9, 2011, this Court issued its Summary Judgment Decision in the Original Action, holding that the accused NCR Vcom® ATMs do not infringe any of the patents then-in-suit because the Vcom® ATMs did not meet an essential claim limitation, an "Internet interface," contained in every claim of the patents then being asserted.

27.     The Summary Judgment decision of noninfringement was affirmed by the CAFC Decision.   Because the Federal Circuit affirmed the reexamination decision that the asserted claims of the '457 patent were obvious, it did not reach this Court's determination that those claims were invalid as indefinite.   *See In re Transaction Holdings Ltd., LLC; Automated Transactions, LLC v. IYG Holding Co., et al.*, 484 F. App'x 469 (Fed. Cir. 2012).

## THE PATENTS-IN-SUIT

28.     U.S. Patent No. 7,571,850 (the "'850 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on August 11, 2009.

29.     A copy of the '850 patent is attached hereto as Exhibit 1.

30.     U.S. Patent No. 7,591,420 (the "'420 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on September 22, 2009.

31.     A copy of the '420 patent is attached hereto as Exhibit 2.

32.     U.S. Patent No. 7,575,158 (the "'158 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on August 18, 2009.

33.     A copy of the '158 patent is attached hereto as Exhibit 3.

34.     U.S. Patent No. 7,597,248 (the "'248 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on October 6, 2009.

35.     A copy of the '248 patent is attached hereto as Exhibit 4.

36.     U.S. Patent No. 7,600,677 (the "'677 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on October 13, 2009.

37.     A copy of the '677 patent is attached hereto as Exhibit 5.

38.     U.S. Patent No. 7,699,220 (the "'220 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on April 20, 2010.

39.     A copy of the '220 patent is attached hereto as Exhibit 6.

40.     U.S. Patent No. 7,597,251 (the "'251 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on October 6, 2009.

41.     A copy of the '251 patent is attached hereto as Exhibit 7.

42.     U.S. Patent No. 7,617,973 (the "'973 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on November 17, 2009.

43.     A copy of the '973 patent is attached hereto as Exhibit 8.

44.     U.S. Patent No. 7,621,444 (the "'444 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on November 24, 2009.

45.     A copy of the '444 patent is attached hereto as Exhibit 9.

46.     U.S. Patent No. 7,793,830 (the "'830 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on September 14, 2010.

47.     A copy of the '830 patent is attached hereto as Exhibit 10.

48.     U.S. Patent No. 7,802,718 (the "'718 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on September 28, 2010.

49.     A copy of the '718 patent is attached hereto as Exhibit 11.

50.     U.S. Patent No. 7,837,101 (the "'101 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued on November 23, 2010.

51.     A copy of the '101 patent is attached hereto as Exhibit 12.

52.     U.S. Patent No. 8,132,714 (the "'714 patent" ), entitled "Automated Transaction Machine" appears, on its face, to have issued March 13, 2012.

53.     A copy of the '714 patent is attached hereto as Exhibit 13.

54.     U.S. Patent No. 8,132,715 (the "'715 patent"), entitled "Automated Transaction Machine" appears, on its face, to have issued March 13, 2012.

55.     A copy of the '715 patent is attached hereto as Exhibit 14.

56.     ATL claims to be the exclusive licensee of the Patents-in-Suit, with all necessary rights to seek to enforce those patents and to collect damages for infringement.

## ATL'S ASSERTION OF THE PATENTS-IN-SUIT

57.     Despite having lost before this Court, the PTO, and the Federal Circuit, ATL continued asserting its patent portfolio.   On July 30, 2013, ATL filed an amended complaint against 7-Eleven and Cardtronics adding seven more continuation patents, for a total of twelve asserted patents.   (*See* ATL's Third Amended Complaint for Patent Infringement, C.A. No. 06-43-SLR (D.I. 266-1) adding the '220, '251, '973, '444, '830, '718, and '101 patents).

58.     ATL also continued sending licensing demand letters and filing patent infringement suits against other NCR customers throughout the United States.   *See, e.g., Automated Transactions LLC v. M&T Bank Corp.*, C.A. No. 13-1155 (W.D.N.Y. Nov. 25, 2013) (C.A. No. 14-506-SLR in the MDL Litigation); *Automated Transactions LLC v. Adams Community Bank*, C.A. No. 12-12402 (D. Mass. Dec. 27, 2012) (C.A. No. 13-584-SLR in the MDL Litigation); *Automated Transactions LLC v. Winchester Co-Operative Bank*, C.A. No. 12-12364 (D. Mass. Dec. 19, 2012) (C.A. No. 13-583-SLR in the MDL Litigation).

59.     On information and belief, ATL has filed more than thirty patent infringement suits against different defendants, alleging infringement of some or all of the Patents-in-Suit.

60.     Ultimately, the Judicial Panel on Multidistrict Litigation recognized that the interests of justice warranted consolidation in this Court of all ATL patent cases.   *In Re: Automated Transactions LLC Patent Litigation*, MDL No. 13-md-2429 (D. Del. April 1, 2013) (D.I. 1).

61.     After the PTO issued two more continuation patents, ATL filed yet another amended complaint against 7-Eleven and Cardtronics to add those two patents, which resulted in the fourteen Patents-in-Suit presently asserted against NCR's customers 7-Eleven and Cardtronics.   *See* ATL's Fourth Amended Complaint, C.A. No. 06-43-SLR (D.I. 285-1).

62.     In the MDL Litigation, and pursuant to paragraph 4.a of this Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" (the "Default Rules"), ATL served its statement of accused products on NCR customers 7-Eleven and Cardtronics, making general allegations that all of the ATMs used by those NCR customers infringe the Patents-in-Suit.   Ex. 15 ("**Accused Products** Defendants' Vcom and non-Vcom Automated Teller Machines ").   Thus, the products central to the issue of alleged infringement in the MDL Litigation for at least 7-Eleven and Cardtronics are NCR's ATMs.

63.     ATL also served on the same parties infringement contentions, in claim chart form, pursuant to paragraph 4.c of the Default Rules.

64.     ATL's infringement contentions to 7-Eleven and Cardtronics cite to multiple NCR user manuals (by production number and sometimes name) or accuse NCR ATMs of infringement for all claim elements of the asserted claims.   The NCR ATMs specifically

named in ATL's Infringement Contentions are: Vcom® ATMs, EasyPoint 62, MCD2 and LCD, SelfServ16, SelfServ32, and Personas 77.

      65.    ATL's Infringement Contentions are in claim chart form.  ATL's chart for independent claim 1 of the asserted '158 patent against 7-Eleven and Cardtronics is exemplary, and is reproduced below, with citations to NCR user manuals or allegations that implicate NCR ATMs highlighted in yellow:

| U.S. Patent No. 7,575,158 | Infringement |
|---|---|
| 1.  An integrated banking and transaction machine for use by a consumer to purchase access to retail ATM services, comprising: | Yes – ATM described below.  Functionality described below. |
|     an automated teller machine; | Yes  - general - see, e.g., CATM00000001 (showing "ATM Store 1" and "ATM Store 3" on the left). Vcom – see, e.g., VCOM029954-030037, VCOM030184-030229, VCOM032972-033003 (showing Vcom ATM). Non-Vcom – see, e.g., CATM00000182-391 (Diebold 1064ix, 500, 520, 560 and 562); CATM00000392-509 (NCR EasyPoint 62); CATM00000510-653 (NCR MCD2 and LCD); CATM00001660-81 (NCR SelfServ16); CATM00001682-723 (NCR SelfServ32); CATM00001995-2233 (NCR Personas 77); and CATM00002335-2422 (Diebold OPTEVE500 and 520). See also, CATM00000392 ("Automated Teller Machine Owner's Guide.") |
|     a user interface to the automated teller machine; | Yes – Vcom - see, e.g., VCOM029959-030001,  VCOM 030184-030229. Non-Vcom – see, e.g., CATM00000406, 422-23, 526-27, 1166, 1689, 2014, 2017, 2032. The user interface is that portion of the ATM showing, e.g., a touch pad, screen and card reader. |
|     means for identifying the user to the automated teller machine, further comprising a smart card/magnetic stripe reader/encoder and a | Yes – Vcom - see, e.g., VCOM029966, VCOM030195 (card reader), VCOM029967, VCOM029973, VCOM030196, |

| U.S. Patent No. 7,575,158 | Infringement |
|---|---|
| sensor; | VCOM032985 (PIN). Non-Vcom – see, e.g., CATM00000201-05, 407, 526-27, 616-21, 1667, 1689, 2343 (card reader); 1689 (biometric reader); 210-11, 406, 422-23, 526-27, 1666 (printer, card reader, screen and key board), 1689 (key pad at user interface for PIN entry).<br>The card reader is the smart card/magnetic stripe reader/encoder. The user is identified by the PIN number or biometric reader as well as the card. The sensor is either a touch function (i.e. "Touch here to activate") or using the card with the card reader. |
| an Internet interface to an Internet connection to the automated teller machine that uses encryption services and security services to provide the user access to the user interface and retail ATM service; and | Yes – general - connectivity shown at, e.g., CATM00000001 (showing ATMs for Stores 1 and 3 connecting to the Cardtronics network), CATM00000005-49 (shows the AT&T VPN service of the network).<br>In particular, see, CATM00000010 ("Common, Global IP Network"). This document also shows encryption and security throughout.<br>Vcom – see, e.g., VCOM029967, VCOM 029973l, VCOM030196, VCOM 032985(PIN) (Security). Also, Vcom performs retail ATM services such as currency dispensing and check cashing. Non-Vcom – encryption and security shown above at card reader, biometrics and keypad.<br>See also, CATM00000223 ("encryption hardware"). All non-Vcom ATMs perform retail ATM services such as dispensing currency. |
| access to the automated teller machine user interface whereupon the consumer may selectively dispense currency using the integrated banking and transaction machine providing the retail ATM service; | Yes – Vcom - see, e.g., VCOM 02997, VCOM030201-3. Non-Vcom – currency dispenser shown at, e.g., CATM00000206, 216-22, 406, 436-46, 526-27, 574-84, 1674-75, 1690-91, 1701-02, 2369. |
| wherein the consumer can purchase access to the retail ATM service through use of the user interface and Internet services connections. | Yes – see above.  Also, for Vcom surcharge, see, e.g., VCOM 029970-71, VCOM 030204. Non-Vcom ATMs also charge surcharges. |

| U.S. Patent No. 7,575,158 | Infringement |
|---|---|
| | In particular, CATM00000761 ("Surcharge Mode".) ==Finally, all 7-Eleven ATMs charge a surcharge unless an arrangement has been made with a service provider, for example Citibank.== |

66. ATL made almost identical allegations for the independent claim elements of the other thirteen Patents-in-Suit. Attached hereto as Exhibit 16 is an excerpt of ATL's Infringement Contentions for the independent claims of the Patents-in-Suit highlighting citations to NCR user manuals or allegations that implicate NCR ATMs. As shown above and in Exhibit 16, ATL's Infringement Contentions cite heavily to NCR ATM user manuals or accuse NCR ATMs of infringement for all of the Patents-in-Suit.

67. Other NCR ATMs not at issue in the MDL Litigation include the same functionality claimed by ATL to meet the limitations of claims of the Patents-in-Suit. Those NCR ATMs are not subject to infringement allegations in the existing MDL Litigation because, on information and belief, those NCR ATMs were not purchased by Defendants in those cases.

68. Also in the MDL Litigation, and pursuant to paragraph 4.d of the Default Rules, Defendants served initial invalidity contentions. Ex. 17. (the "Invalidity Contentions"). Those Invalidity Contentions provide clear notice to ATL why the Patents-in-Suit are invalid and, therefore, cannot be infringed by NCR's ATMs.

69. Each of the Patents-in-Suit is invalid for at least the prior art and/or reasons set forth in the Invalidity Contentions.

70. Throughout the pendency of the Original Action and the MDL Litigation, more than thirty NCR customers received letters from ATL demanding a license to some or all of the Patents-in-Suit. An illustrative demand letter from ATL is attached hereto as Exhibit 18.

Those NCR customers, in turn, requested NCR to indemnify or defend against ATL's allegations.

71.     Neither NCR nor its products infringe or have infringed the Patents-in-Suit, nor has NCR induced others to infringe or contributed to any alleged infringement by others of the Patents-in-Suit.

72.     Recently, ATL purported to issue a covenant not to sue ("Covenant")  and filed a motion to dismiss with prejudice the MDL Litigation, under the pretext that ATL "could not retain replacement lead counsel in time to fully comply with the demands of the Court's scheduling orders."  C.A. No. 13-md-2429 (D.I. 171 at 1).

73.     The Covenant is limited to the named Defendants in the MDL Litigation and "to any product" currently or previously "advertised, manufactured, marketed, used or sold" by Defendants in the MDL Litigation.   C.A. No. 13-md-2429 (D.I. 171 at 4).   Thus, the Covenant is insufficient to cover NCR's customers not in the MDL Litigation and against whom ATL has made infringement allegations or licensing demands.  The Covenant is also insufficient to cover NCR's customers not in the MDL Litigation and against whom ATL has *yet* to make infringement allegations or licensing demands if and when ATL chooses to resume its licensing campaign against the universe of ATM users.

74.     In addition, the Covenant is insufficient for the reasons stated in the brief filed by Defendants in opposition to ATL's motion to dismiss, including that the Covenant contains multiple temporal, product, and patent limits designed to allow ATL to continue asserting or to reassert its Patents-in-Suit and other as-yet unasserted but related patents against NCR and its customers.  *See* C.A. No. 13-md-2429 (D.I. 172).

75.     ATL seeks to dismiss the MDL action based on insufficient covenants in order to avoid a claim construction that could be detrimental to its patent portfolio and could effectively wipe out its business model of pursuing NCR's customers for licensing fees. Thus, the present declaratory judgment action is necessary to protect the interests of NCR and its customers from ATL asserting its patent portfolio while avoiding a decision by this Court on the merits.

76.     ATL's infringement allegations have thus placed a cloud over NCR and its ATM products, have injured and are injuring NCR's business and business relationships, and have created a concrete and immediate justiciable controversy between NCR and ATL.

**REQUESTED RELIEF**

**COUNT I – DECLARATION OF NONINFRINGEMENT**
**OF U.S. PATENT NO. 7,571,850**

77.     NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

78.     The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '850 patent, either literally or under the doctrine of equivalents.

79.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

80.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '850 patent.

**COUNT II – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,571,850**

81.     NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

82.     The '850 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq*., including §§ 101, 102, 103, and/or 112, including, *inter alia*, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

83.     The claims of the '850 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

84.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

85.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '850 patent.

**COUNT III – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,591,420**

86.     NCR repeats and realleges paragraphs 1 to 75 as if fully set forth herein.

87.     The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '420 patent, either literally or under the doctrine of equivalents.

88.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '420 patent.

## COUNT IV – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,591,420

90.     NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

91.     The '420 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

92.     The claims of the '420 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

93.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

94.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '420 patent.

## COUNT V – DECLARATION OF NONINFRINGEMENT
## OF U.S. PATENT NO. 7,575,158

95.     NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

96.     The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '158 patent, either literally or under the doctrine of equivalents.

97.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

98.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '158 patent.

## COUNT VI – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,575,158

99.     NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

100.     The '158 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

101.     The claims of the '158 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

102.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

103.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '158 patent.

### COUNT VII – DECLARATION OF NONINFRINGEMENT
### OF U.S. PATENT NO. 7,597,248

104.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

105.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '248 patent, either literally or under the doctrine of equivalents.

106.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

107.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '248 patent.

### COUNT VIII – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,597,248

108.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

109.    The '248 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

110.    The claims of the '248 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

111.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

112.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '248 patent.

### COUNT IX – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,600,677

113.     NCR repeats and realleges paragraphs 1 to 75 as if fully set forth herein.

114.     The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '677 patent, either literally or under the doctrine of equivalents.

115.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

116.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '677 patent.

### COUNT X – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,600,677

117.     NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

118.     The '677 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

119.     The claims of the '677 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

120.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

121.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '677 patent.

### COUNT XI – DECLARATION OF NONINFRINGEMENT
### OF U.S. PATENT NO. 7,699,220

122.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

123.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '220 patent, either literally or under the doctrine of equivalents.

124.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

125.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '220 patent.

### COUNT XII – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,699,220

126.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

127.    The '220 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102,

103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

128.    The claims of the '220 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

129.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

130.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '220 patent.

## COUNT XIII – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,597,251

131.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

132.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '251 patent, either literally or under the doctrine of equivalents.

133.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

134.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '251 patent.

**COUNT XIV – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,597,251**

135.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

136.    The '251 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

137.    The claims of the '251 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

138.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

139.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '251 patent.

**COUNT XV – DECLARATION OF NONINFRINGEMENT
OF U.S. PATENT NO. 7,617,973**

140.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

141.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '973 patent, either literally or under the doctrine of equivalents.

142.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

143.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '973 patent.

## COUNT XVI – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,617,973

144.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

145.    The '973 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

146.    The claims of the '973 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

147.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

148.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '973 patent.

## COUNT XVII – DECLARATION OF NONINFRINGEMENT
## OF U.S. PATENT NO. 7,621,444

149.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

150.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '444 patent, either literally or under the doctrine of equivalents.

151.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

152.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '444 patent.

**COUNT XVIII – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,621,444**

153.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

154.    The '444 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

155.    The claims of the '444 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

156.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

157.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '444 patent.

## COUNT XIX – DECLARATION OF NONINFRINGEMENT
## OF U.S. PATENT NO. 7,793,830

158.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

159.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '830 patent, either literally or under the doctrine of equivalents.

160.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

161.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '830 patent.

## COUNT XX – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,793,830

162.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

163.    The '830 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

164.    The claims of the '830 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

165.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

166.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '830 patent.

### COUNT XXI – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,802,718

167.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

168.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '718 patent, either literally or under the doctrine of equivalents.

169.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

170.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '718 patent.

### COUNT XXII – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,802,718

171.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

172.    The '718 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

173.    The claims of the '718 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

174.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

175.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '718 patent.

## COUNT XXIII – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,837,101

176.     NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

177.     The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '101 patent, either literally or under the doctrine of equivalents.

178.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

179.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '101 patent.

## COUNT XXIV – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,837,101

180.     NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

181.     The '101 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102,

103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

182.     The claims of the '101 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

183.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

184.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '101 patent.

## COUNT XXV – DECLARATION OF NONINFRINGEMENT
## OF U.S. PATENT NO. 8,132,714

185.     NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

186.     The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '714 patent, either literally or under the doctrine of equivalents.

187.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

188.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '714 patent.

**COUNT XXVI – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,132,714**

189.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

190.    The '714 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

191.    The claims of the '714 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

192.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

193.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '714 patent.

**COUNT XXVII – DECLARATION OF NONINFRINGEMENT
OF U.S. PATENT NO. 8,132,715**

194.    NCR repeats and realleges paragraphs 1 to 76 as if fully set forth herein.

195.    The ATM products manufactured and/or ATM products supplied by NCR do not infringe, directly or indirectly, any valid claim of the '715 patent, either literally or under the doctrine of equivalents.

196.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

197.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '715 patent.

**COUNT XXVIII – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,132,715**

198.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

199.    The '715 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and/or 112, including, inter alia, indefiniteness under ¶ 2, because the claims do not inform, with reasonable certainty, those skilled in the art about the scope of the invention.

200.    The claims of the '715 patent are invalid in view of at least the references and/or reasons cited in the Invalidity Contentions, Exhibit 17.

201.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

202.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '715 patent.

**COUNT XXIX - DECLARATION OF *RES JUDICATA* OF NONINFRINGEMENT
AS TO CERTAIN PATENTS**

203.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

204.     There has been a final judgment that the '850, '420, '158, and '677 patents (the "Litigated Patents") are not infringed by automated teller machines or methods relating thereto.

205.     ATL's claims of infringement are barred under the doctrine of res judicata as to the Litigated Patents as a result of that final judgment of noninfringement in this Court, and subsequent affirmance by the CAFC Decision.

206.     As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

207.     A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the Litigated Patents.

## COUNT XXX - DECLARATION OF COLLATERAL ESTOPPEL OF NONINFRINGEMENT AS TO CERTAIN PATENTS

208.     NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

209.     ATL is collaterally estopped from bringing claims of infringement for the Litigated Patents as a result of the CAFC Decision.

210.     On information and belief, the '220, '830, '718, and '715 patents are continuations of the '457 patent, and include, inter alia, the same "Internet interface" claim limitation held not to infringe the '457 patent and the Litigated Patents.

211.     ATL is collaterally estopped from bringing claims of infringement for the '220, '830, '718, and '715 patents against ATMs as a result of the CAFC Decision.

212.   As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

213.   A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '220, '830, '718, and '715 patents.

### COUNT XXXI - DECLARATION OF COLLATERAL ESTOPPEL OF INVALIDITY AS TO THE '220 PATENT

214.   NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

215.   There has been a final judgment in this Court that claim 1 of the '457 patent is invalid as indefinite.  *Automated Transactions LLC v. IYG Holding Co., et al.*, 768  Supp. 2d 727 (D. Del. 2011).

216.   Specifically, this Court found the limitation in claim 1 of the '457 patent "means for providing a retail transaction to the consumer through an Internet interface to the automated teller machine" to be in means-plus-function form.

217.   This Court held that the limitation renders the claim indefinite for failing to disclose sufficient structure corresponding to the "control means" as identified in figure 3b of the '457 patent, which is a programmed processor, such as a computer.  As this Court held "[r]egardless of whether 'control means' is a part of 'an Internet interface,' the specification fails to disclose sufficient structure to support this means-plus-function limitation, and the understanding of one of skill in the art cannot make up for the deficiency."

218.    The '220 patent relies on nearly the same specification as the '457 patent, and claim 88 of the '220 patent recites a similar means-plus-function limitation ("means for providing a retail transaction to the consumer through an Internet interface and an Intranet service to the automated teller machine") found to be indefinite in the '457 patent.  It is of no consequence that the '220 patent claim limitation includes the phrase "and an Intranet service," which was not present in claim 1 of the '457 patent, because the '220 patent specification does not disclose sufficient structure corresponding to the "control means" as identified in figure 3b. Therefore, claim 88 of the '220 patent is indefinite under 35 U.S.C. § 112 ¶ 2.

219.    ATL is collaterally estopped from bringing claims of infringement for claim 88 of the '220 patent.

220.    As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

221.    A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the '220 patent.

## COUNT XXXII - DECLARATION OF INVALIDITY UNDER THE DOCTRINE OF OBVIOUSNESS-TYPE DOUBLE PATENTING AS TO CERTAIN PATENTS

222.    NCR repeats and realleges the allegations in paragraphs 1 to 76 as though fully set forth herein.

223.    To the extent not terminally disclaimed, the '251, '677, '973, '444, and '101 patents are invalid under the doctrine of obviousness-type double patenting.

224. As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

225. A judicial declaration is necessary and appropriate so that NCR may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products regarding the 251, '677, '973, '444, and '101 patents.

## JURY DEMAND

226. NCR demands a trial by jury as to all issues so triable in the action.

## PRAYER FOR RELIEF

WHEREFORE, NCR respectfully requests that the Court enter judgment in favor of NCR granting the following relief:

A. A declaration that NCR and NCR's ATM products and systems have not infringed and do not infringe, directly or indirectly or by the doctrine of equivalents, any valid claim of any of the Patents-in-Suit;

B. A declaration that all claims of the Patents-in-Suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101 *et seq.*, including §§ 101,102, 103, and/or 112;

C. An injunction against ATL and its officers, agents, servants, employees, attorneys, and others in active concert or participation with any of them from asserting infringement or instituting or continuing any legal action for infringement of the Patents-in-Suit against NCR or its customers, suppliers, manufacturers, distributors, resellers, or end users of its products;

D.      An order declaring that this is an exceptional case under 35 U.S.C. § 285, particularly in light of the CAFC Decision referenced above, and that the Court award NCR its "reasonable attorney fees" against ATL;

E.      That the Court award NCR its costs of suit; and

F.      That the Court award NCR such other and additional relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Regina Murphy*

Jack B. Blumenfeld (#1014)
Regina Murphy (#5648)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rmurphy@mnat.com

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY  10022
(212) 918-3000

June 19, 2014

*Attorneys for Plaintiff*